UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

Case No. 25-cv-10635
Honorable Linda V. Parker

JOHN DOE subscriber assigned
IP Address 68.43.101.247,

    Defendant.
_____/

## **OPINION AND ORDER DENYING MOTION TO QUASH SUBPOENA**

This is a copyright infringement action in which Plaintiff Strike 3 Holdings, LLC ("Strike 3") alleges that the subscriber associated with IP address 68.43.101.247 has unlawfully downloaded and distributed Strike 3's motion pictures. In an effort to identify the subscriber to obtain service of the summons and Complaint, Strike 3 moved ex parte (ECF No. 4) and was granted leave to serve a third-party subpoena on Comcast Cable, which is the internet service provider ("ISP") that assigned the identified IP address (ECF No. 5). The subpoena seeks the name and contact information of the Defendant to whom Comcast Cable assigned the IP address. The matter is presently before the Court on John Doe's motion to quash the subpoena. (ECF No. 6.) Strike 3 opposes the motion. (ECF No. 7.)

## Applicable Standard

Motions to quash subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Rule 45 instructs district courts to quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(3)(A). A subpoena also may be quashed or modified "if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information" or "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(3)(B).

The party seeking to quash a subpoena bears the burden of proof. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio. 2011). "Ordinarily, a party has no standing to oppose a subpoena issued to a non-party unless the party can demonstrate a claim of privilege or personal right in the documents sought." *Morris v. Kia Motors Corp.*, No. 24-mc-51120, 2024 WL 4595116, at *2 (E.D. Mich. Oct. 28, 2024) (quoting *Malibu Media, LLC v. Doe subscriber assigned IP address 76.190.140.193*, No. 15-cv-1342, 2015 WL 6758219, at *2 (N.D. Ohio Nov. 5, 2015)). "Such rights or privileges have been

2

recognized with respect to personal bank records, information in a personnel file, corporate bank records[,] or Indian tribal records." *Id*. (quoting *Pictsweet Co. v. R.D. Offutt Co.*, No. 19-cv-0722, 2020 WL 12968432, at *3 (M.D. Tenn. Apr. 23, 2020)). "That documents are confidential is not in itself grounds for quashing a subpoena." *Id.* (quoting *Pictsweet*, 2020 WL 12968432, at *3). "[T]he party seeking to quash a third-party subpoena must meet a heavy burden of proof." *Id.* (quoting *Proto Gage, Inc. v. Fed. Ins. Co.*, No. 21-cv-12286, 2022 WL 1598621, at *2 (E.D. Mich. May 19, 2022)).

## Discussion

John Doe asserts several arguments for why the subpoena directed at Comcast Cable must be quashed. None are legitimate grounds for quashing the subpoena.

John Doe first argues that the subpoena subjects him or her to an undue burden "by potentially exposing [him or her] to costly litigation over claims that have not been adequately substantiated." However, the subpoena, itself, does not require John Doe to do anything. It is directed at Comcast Cable. John Doe lacks standing to challenge the subpoena on the basis that it burdens, not him, but his or her ISP. *Breaking Glass Pictures v. John Does 1-32*, No. 13-cv-849, 2014 WL 467137, at *6 (S.D. Ohio Feb. 5, 2014) (citing *Levitin v. Nationwide Mut. Ins. Co.*, No. 12-cv-24, 2012 WL 6552814, at *5 (S.D. Ohio Dec. 14, 2012)).

3

John Doe next argues that Strike 3 fails to state a plausible claim against the owner of the IP address identified in the Complaint because an IP address, alone, is insufficient to state a claim for copyright infringement. John Doe accurately points out that an IP address only identifies the location at which any number of persons may have used the internet connection. Nevertheless, in granting Strike 3's motion for leave to issue the third-party subpoena, this Court already found that the Complaint alleged sufficient facts to plausibly plead that a user at Defendant's IP address downloaded, copied, and distributed copies of Strike 3's copyright-protected movies. Even if the subscriber of the identified IP address is not the infringer, and "discovery later reveals that a person other than the subscriber violated [Strike 3's] copyright[s], the subpoenaed information (the subscriber's contact information) is nevertheless reasonably calculated to lead to the discovery of admissible information, i.e., the identity of the actual infringer." *TCYK, LLC v. Does 1-47*, No.13-cv-539, 2013 WL 4805022, at *5 (S.D. Ohio Sept. 9, 2013). As one district court has explained:

> [The victim of copyright infringement in a position like Strike 3] cannot engage in discovery to probe the facts underlying its claim without first naming a defendant. Unless [that victim] is permitted, at least in the initial stages of litigation, to proceed against a subscriber, it will be caught in a Catch-22 in which it cannot commence an action without engaging in discovery to determine the actual infringer but cannot engage in discovery without first filing a complaint.

4

*Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822, at *6 (D. Md. Dec. 16, 2014).

John Doe also contends that the subpoena seeks information protected by the right to privacy. Specifically, John Doe maintains that it would associate him or her with allegations of copyright infringement before proof is presented that he or she personally engaged in wrongful conduct. The subpoena, however, only seeks information related to the ISP subscriber's identity. This is information the subscriber already has shared with Comcast Cable. In other words, such information is neither privileged nor protected. This is not a basis to quash the subpoena based on privilege or privacy interests. *Malibu Media*, 2015 WL 1886210, at *3 (citing *Breaking Glass Pictures*, 2014 WL 467137, at *4 (collecting cases)).

Lastly, John Doe asserts that Strike 3 seeks the improper joinder of defendants, and that personal jurisdiction is lacking because there is no evidence that John Doe has minimum contacts with this judicial district. These are not proper grounds for John Doe to challenge the subpoena addressed to a third party. *See supra*. But, in any event, they lack merit.

The only defendant Strike 3 has sought to include in the action at this time is the subscriber of the IP address identified in the heading of its Complaint. In other words, joinder currently is not at issue. As far as personal jurisdiction, Strike 3

5

alleges in the Complaint that it used geolocation technology to trace the identified IP address to a physical address in the Eastern District of Michigan. (ECF No. 1 at PageID.3 ¶ 9.) The alleged infringement causing Strike 3 injury was, therefore, committed here, conferring specific jurisdiction over the infringer. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473 (1985). In any event, the issue of personal jurisdiction over John Doe is premature. The subpoena is directed only to Comcast Cable.

## Conclusion

For these reasons, the Court **DENIES** John Doe's motion to quash the subpoena directed to Comcast Cable (ECF No. 6).

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 11, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 11, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager